RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

*Attorneys for Defendant,*
*State Farm Mutual Automobile Ins. Co.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN CHANDLER, individually<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AN Illinois Corporation<br><br>Defendants. | CASE NO.: 2:19-cv-00626-GMN-BNW<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

A.     State Farm Mutual Automobile Insurance Company ("State Farm") possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.     The parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of Plaintiff with State Farm's rights to protect its private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1.     All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by State Farm during this litigation shall be governed by

this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "Information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3. With respect to deposition testimony, State Farm may, either on the record at the deposition or by written notice to counsel for plaintiffs no later than thirty five (35) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty five (35) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4. The inadvertent or unintentional disclosure by State Farm of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order, either as to the

specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after State Farm becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by State Farm of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by State Farm in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by State Farm, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for State Farm upon order of the Court;

provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7. Except as agreed by State Farm or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h), (g), (k), and 10 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

8. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgment attached as Exhibit A;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h) the Nevada Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, N.R.S. § 686A.281 *et*

*seq.*, and NAC 679B.152;

  (i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

  (j) anyone as otherwise required by law;

  (k) as authorized by the parties specifically; and

  (l) other persons by written agreement of the parties when the person has signed a written acknowledgment attached as Exhibit A.

  9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

  10. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state and federal laws; the records retention requirements of the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including N.R.S. § 686A.281 *et seq.*, including reporting to the Commissioner of Insurance.

  11. Plaintiff may at any time request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, State Farm's designation shall control. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided,

however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

The party designating particular information as subject to the protective order shall have the burden of proving that the information or document is entitled to such protection. The fact that a document is stamped "Confidential", "Trade Secret", or in any other way designated as subject to this protective order, by one party shall not be construed as an admission by any other party that such document is confidential, nor does a lack of challenge to the protected status of a document constitute waiver of the right to challenge the propriety of a confidential designation.

12. Nothing in this Protective Order shall prevent or restrict counsel for State Farm from inspecting, reviewing, using, or disclosing the information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to the party that originally produced the document. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty five (35) days of the final determination of this action, each person or party who

| | |
|---|---|
| 1 | has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE |
| 2 | ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify |
| 3 | that it has been destroyed, except that the recipient need not destroy |
| 4 | or return transcripts of depositions and materials filed with the Court, and each party may retain one archival |
| 5 | copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer |
| 6 | to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER; |
| 7 | provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) |
| 8 | and 10 of this Protective Order and to the routine business practices of State Farm, and also subject to the |
| 9 | regular business practices for maintenance and destruction of client files by the parties' counsel. Within seven |
| 10 | (7) days of the final determination of this action, counsel of record who has provided information designated |
| 11 | CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must |
| 12 | inform those individuals that the matter has reached final determination and remind them of the return or |
| 13 | destruction obligation. **To the extent that this Protective Order requires the destruction or return of** |
| 14 | **documents at the conclusion of this case this requirement is not intended to require State Farm to** |
| 15 | **return or destroy any documents that it is otherwise required by law to maintain.** |
| 16 | 16. This Protective Order may be modified by the Court at any time for good cause |
| 17 | shown following notice to all parties and an opportunity for them to be heard. |
| 18 | 17. Nothing in this Protective Order shall prohibit any party from filing a motion |
| 19 | seeking further or different protection from the Court, or from filing a motion with respect to the manner in |
| 20 | which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE |
| 21 | ORDER shall be treated at trial. |
| 22 | 18. Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO |
| 23 | PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

paper filed with the Court shall file the document under seal, accompanied by Notice of Lodging Under Seal.

Stipulated and Agreed to by:

HALL JAFFE & CLAYTON, LLP                    REMPFER MOTT LUNDY, PLLC


By: _____s/ Riley A. Clayton_____          By: ___Joseph N. Mott_____
RILEY A. CLAYTON, ESQ.                       JOSEPH N. MOTT, ESQ.
Nevada Bar No. 005260                        Nevada Bar No. 012455
7425 Peak Drive                              SCOTT E. LUNDY, ESQ.
Las Vegas, Nevada 89128                      Nevada Bar No. 14235
Attorneys for Defendants, *State Farm Mutual* 10091 Park Run Dr., Ste. 200
*Automobile Insurance Company*               Las Vegas, Nevada 89145

and

CLAGGETT & SYKES

SEAN CLAGGETT, ESQ.
Nevada Bar No. 08407
4101 Meadows Land, Ste. 100
Las Vegas, Nevada 89107
***Attorneys for Plaintiff***

## ORDER

**IT IS HEREBY ORDERED** that Confidential Information disclosed in this matter will be subject to the foregoing protective order, pursuant to the Stipulation of the parties.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __10/4/19_____

Respectfully submitted by:

HALL JAFFE & CLAYTON, LLP


By: _____/s Riley A. Clayton_____
RILEY A. CLAYTON
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
Attorneys for Defendant